# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

ABDIFATAH ABUKAR
individually and on behalf of
all others similarly situated,

      Plaintiffs,              CASE NO. 19-CV-838

   v.

REYNOLDS MACHINE CO. LLC,

      Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Abdifatah Abukar, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees of Defendant Reynolds Machine Company, LLC (hereinafter "Reynolds Machine") at times since June 5, 2016. Reynolds Machine has a common policy and practice of impermissibly rounding the start and end times of its hourly employees' work hours so as to deny such employees for compensation for all hours worked. As a result, Reynolds Machine has denied Plaintiff Abdifatah Abukar and the putative class members of overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as overtime pay and agreed-upon wages in violation of Wisconsin law.

2.      Plaintiff Abdifatah Abukar brings this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

3.      Plaintiff Abukar also brings this action, on behalf of himself and all other similarly situated employees, pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 et seq., 104.001 et seq., 103.01 et seq., Wis. Admin. Code §§ DWD 272.001 et seq., and DWD 274.001 et seq., for purposes of obtaining relief for unpaid overtime compensation, agreed-upon wages, and back pay in addition to civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

5.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Reynolds Machine has substantial and systematic contacts in this district.

## PARTIES

7. Defendant Reynolds Machine is a Wisconsin Limited Liability Company with a principal place of business located in Waterloo, Wisconsin. Reynolds Machine's registered agent for service of process in the State of Wisconsin is SBRK Services, LLC located in Brookfield, Wisconsin.

8. Plaintiff Abukar is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Abukar is a former employee of Reynolds Machine who worked as a machine operator since on or around June 6, 2018 until approximately May 22, 2019. Abukar's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

9. Plaintiff Abukar brings this action individually and on behalf of the Collective Rounding Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Rounding Class** is defined as follows:

> All persons who are or have been employed by Reynolds Machine at its New Berlin, Wisconsin location and who were paid on an hourly basis at any time since June 5, 2016.

10. Plaintiff Abukar brings this action individually and on behalf of the Wisconsin Rounding Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rounding Class** is defined as follows:

> 11. All persons who are or have been employed by Reynolds Machine at its New Berlin, Wisconsin location and who were paid on an hourly basis at any time since June 5, 2016.

## GENERAL ALLEGATIONS

12. Plaintiff Abukar and the Collective Rounding Class work, or have worked, for Reynolds Machine as hourly employees at Reynolds Machine's New Berlin, Wisconsin location at times since June 5, 2016.

13. Plaintiff Abukar and the Wisconsin Rounding Class work, or have worked, for Reynolds Machine as hourly employees at Reynolds Machine's New Berlin, Wisconsin location at times since June 5, 2016.

14. Reynolds Machine specializes in precision machining and assemblies out of its principal office located in Waterloo, Wisconsin.

15. Since June 5, 2016, Plaintiff Abukar, the Collective Rounding Class, and the Wisconsin Rounding Class have been paid on an hourly basis for their work at Reynolds Machine's New Berlin, Wisconsin facility.

16. Since June 5, 2016, Reynolds Machine, Plaintiff Abukar, and the Wisconsin Rounding Class have agreed to specific hourly rates which were to be paid to Plaintiff Abukar and the Wisconsin Rounding Class in exchange for their hours worked under forty in a workweek for Reynolds Machine.

17. Since June 5, 2016, Reynolds Machine has implemented a time clock rounding policy applicable to Plaintiff Abukar, the Wisconsin Rounding Class, and the Collective Rounding Class where hourly employees' start and end times for their shifts were rounded in thirty-minute increments.

18. Under Reynolds Machine's time clock rounding policy, Reynolds Machine rounded its employees end times to 30-minute intervals, but not to the nearest 30-minute interval despite the fact that employees performed compensable work during the period of time which was rounded.

19. As an example, under Reynold Machine's impermissible time clock rounding policy, if an employee punched in 6:01 a.m., Reynolds Machine would round up to 6:30 a.m.

20. Likewise, under Reynolds Machine's impermissible time clock rounding policy, if an employee punched out at 2:59 p.m., Reynolds Machine would round down to 2:30 p.m.

21. Furthermore, under Reynolds Machine's impermissible time clock rounding policy, if an employee's shift ended at 2:30 p.m., and the employee continued performing compensable work past the end of their shift, Reynolds Machine would not pay an employee overtime unless that employee reached 3:00 p.m.

22. Since June 5, 2016, Reynolds Machine has suffered or permitted Plaintiff Abukar to regularly work more than forty hours during workweeks in which Reynolds Machine applied its time clock rounding policy.

23. Since June 5, 2016, Reynolds Machine has suffered or permitted the Collective Rounding Class and the Wisconsin Rounding Class to work more than forty hours during workweeks in which Reynolds Machine applied its time clock rounding policy.

24. As a result of applying this time clock rounding policy, Reynolds Machine improperly denied Plaintiff Abukar, the Wisconsin Rounding Class, and the Collective Rounding Class of compensation at one and one-half times their respective regular rates for hours worked in excess of forty in many workweeks since June 5, 2016.

25. Since June 5, 2016, Reynolds Machine's application of its time clock rounding policy resulted in employees, including Plaintiff Abukar and the Wisconsin Rounding Class, being suffered or permitted to perform work for Reynolds Machine without compensation at their agreed-upon hourly rates.

26. Reynolds Machine's impermissible time clock rounding policy consistently operated to the disadvantage of Reynolds Machine's employees.

27. On information and belief, Reynolds Machine has not maintained complete and accurate time records for Plaintiff Abukar, the Wisconsin Rounding Class, or the Collective Rounding Class since June 5, 2016.

28. Reynolds Machine's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Abukar, the Wisconsin Rounding Class, and the Collective Rounding Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

29. Plaintiff Abukar and the Collective Rounding Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Reynolds Machine's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff Abukar as stated herein are the same as those of the Collective Rounding Class.

30. Plaintiff Abukar and the Collective Rounding Class seek relief on a collective basis challenging, among other FLSA violations, Reynolds Machine's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

31. The FLSA Section 216(b) Collective Rounding Class' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Reynolds Machine. Notice can be provided to the Collective Rounding Class via first class mail to the last address known to Reynolds Machine and through posting at Reynolds Machine's facility in areas where postings are normally made.

### RULE 23 CLASS ALLEGATIONS – WISCONSIN

32. Plaintiff Abukar brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rounding Class for violations occurring on or after June 5, 2016 (the "Wisconsin Rounding Class Period").

33. The proposed Wisconsin Rounding Class' members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Reynolds Machine, upon information and belief, there are over 40 members in the Wisconsin Rounding Class.

34. Plaintiff Abukar's claims are typical of those claims that could be alleged by any member of the Wisconsin Rounding Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Rounding Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Reynolds Machine and Reynolds Machine benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Rounding Class. Plaintiff Abukar and the other members of the Wisconsin Rounding Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

35. Plaintiff Abukar is able to fairly and adequately protect the interests of the Wisconsin Rounding Class, has no interests antagonistic to the Wisconsin Rounding Class, and has retained counsel experienced in complex wage and hour class action litigation.

36. There are questions of fact and law common to the Wisconsin Rounding Class that predominate over any questions affecting only individual

members. The questions of law and fact common to the class arising from Reynolds Machine's actions include, without limitation, the following:

a) Whether Reynolds Machine's rounding policy violated Wisconsin's wage laws;

b) Whether Reynolds Machine failed to maintain true and accurate records for all hours worked by Abukar and the Wisconsin Rounding Class as required by Wisconsin Law;

c) Whether Reynolds Machine failed to pay the Wisconsin Rounding Class for all work Reynolds Machine suffered or permitted them to perform; and

d) The nature and extent of class-wide injury and the measure of damages for the injury.

37. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

38. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938 as Amended**

39. Plaintiff Abukar, individually and on behalf of the Collective Rounding Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

40. Since June 5, 2016, Plaintiff Abukar and the Collective Rounding Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

41. Since June 5, 2016, Reynolds Machine has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

42. Since June 5, 2016, Plaintiff Abukar and the members of the Collective Rounding Class have been employees within the meaning of 29 U.S.C. § 203(e).

43. Since June 5, 2016, Reynolds Machine has been an employer of Plaintiff Abukar and the Collective Rounding Class as provided under 29 U.S.C. § 203(d).

44. Since June 5, 2016, Reynolds Defense has violated the FLSA by failing to pay overtime compensation due to Plaintiff Abukar and the Collective Rounding Class for each hour worked in excess of forty hours in any given workweek.

45. Plaintiff Abukar and the Collective Rounding Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Reynolds Machine acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

46. Reynolds Machine's failure to properly compensate Plaintiff Abukar and the Collective Rounding Class and failure to properly record all compensable work time was willfully perpetrated and Plaintiff Abukar and the Collective Rounding Class are therefore entitled to recover an award of liquidated damages in

an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

47. Alternatively, should the Court find that Reynolds Machine did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Abukar and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

48. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Agreed-Upon Wages and Overtime

49. Plaintiff Abukar, individually and on behalf of the Wisconsin Rounding Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

50. Since June 5, 2016, Plaintiff Abukar and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

51. Since June 5, 2016, Plaintiff Abukar and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

52. Since June 5, 2016, Plaintiff Abukar and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

53. Since June 5, 2016, Plaintiff Abukar and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

54. Since June 5, 2016, Plaintiff Abukar and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

55. Since June 5, 2016, Reynolds Machine was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

56. Since June 5, 2016, Reynolds Machine was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

57. Since June 5, 2016, Reynolds Machine was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

58. Since June 5, 2016, Reynolds Machine was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

59. Since June 5, 2016, Reynolds Machine was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

60. Since June 5, 2016, Reynolds Machine has employed, and/or continues to employ Plaintiff Abukar and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

61. Since June 5, 2016, Reynolds Machine has employed, and/or continues to employ Plaintiff Abukar and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 103.001 *et seq*.

62. Since June 5, 2016, Reynolds Machine has employed, and/or continues to employ Plaintiff Abukar and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 104.01 *et seq*.

63. Since June 5, 2016, Reynolds Machine has employed, and/or continues to employ Plaintiff Abukar and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

64. Since June 5, 2016, Reynolds Machine has employed, and/or continues to employ Plaintiff Abukar and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

65. Since June 5, 2016, Plaintiff Abukar and the Wisconsin Rounding Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

66. Since June 5, 2016, Reynolds Machine had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Rounding Class minimum wages and agreed-upon wages for all hours worked.

67. Since June 5, 2016, Reynolds Machine had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Rounding Class overtime wages for all hours worked in excess of forty hours in a given workweek.

68. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

69. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum, overtime, and agreed upon wages.

70. As set forth above, Plaintiff Abukar and the Rounding Class have sustained losses in their compensation as a proximate result of Reynolds Machine's violations. Accordingly, Plaintiff Abukar, individually and on behalf of the Wisconsin Rounding Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Reynolds Machine to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

71. Under Wis. Stat. §109.11, Plaintiff Abukar and the Wisconsin Rounding Class may be entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

72. Plaintiff Abukar, individually and on behalf of the Wisconsin Rounding Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Reynolds Machine, pursuant to the Wisconsin law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Abukar, individually and on behalf of all members of the Collective Rounding Class and the Wisconsin Rounding Class hereby requests the following relief:

   a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Rounding Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a Fed. R. Civ. P. 23 class action on behalf of the proposed Wisconsin Rounding Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to Fed. R. Civ. P. 23;

d) An order designating Plaintiff Abdifatah Abukar as the Named Plaintiff and as representative of the Wisconsin Rounding Class set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Reynolds Machine's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

g) An Order finding that Reynolds Machine violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations are willful;

i) Judgement against Reynolds Machine in the amount equal to the Plaintiff's, the Collective Rounding Class', and the Wisconsin Rounding Class' unpaid wages at the applicable minimum wage, agreed-upon wage, overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 5th day of June, 2019.

Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiffs


By: *s/Summer H. Murshid*
Larry A. Johnson, SBN 1056619
Summer H. Murshid, SBN 1075404
Timothy P. Maynard, SBN 1080953
Hawks Quindel, S.C.
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com